UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00305-JLS (RNBx)          Date: August 17, 2015
Title: Maria Guadalupe Diaz-Gomez et al. v. W.M. Barr & Company, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                             N/A
    Deputy Clerk                                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                             Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER (1) ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED; (2) STRIKING PLAINTIFF'S OPPOSITION (Doc. 59); AND (3) VACATING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 58)**

     Plaintiffs Maria Guadalupe Diaz-Gomez, Marialina Ramirez-Diaz, Juan Gabriel Ramirez-Diaz, and Rodrigo Ramirez-Diaz filed this action in Orange County Superior Court on November 12, 2013. (Notice of Removal, Ex. A, Complaint, Doc. 1.) On February 28, 2014, Defendant W.M. Barr & Company, Inc. ("Barr") removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal ¶¶ 1, 8-11, Doc. 1.)

     Barr's Notice of Removal states that Plaintiff Maria Guadalupe Diaz-Gomez is Decedent Roberto Ramirez Magdariaga's spouse. (Id. ¶ 9.) In the Notice of Removal, Barr asserted that Decedent resided at 815 E. 83rd Street in Los Angeles, California. (Id.) As a result, Defendant asserted that Plaintiff Maria Guadalupe Diaz-Gomez is a resident and citizen of California. (Id.) *See* 28 U.S.C. § 1332 ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.")

     On April 2, 2014, Plaintiffs filed a First Amended Complaint ("FAC"), adding Jasco Chemical Corporation and True Machine Corporation as named defendants in this action. (FAC, Doc. 11.) Plaintiffs asserted in their FAC that Jasco Chemical and True Machine were incorporated in California. (Id. ¶¶ 5, 7.) Based on the addition of Jasco Chemical and True Machine as named defendants in the FAC, Plaintiffs then requested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00305-JLS (RNBx)            Date: August 17, 2015
Title: Maria Guadalupe Diaz-Gomez et al. v. W.M. Barr & Company, Inc.

that the Court remand this action to Orange County Superior Court based upon non-diversity of the parties. (Mot. at 3, Doc. 16.) Plaintiffs asserted that "Plaintiffs are citizens of the State of California" and that both Jasco Chemical and True Machine are incorporated in California and have their principal places of business in California. (Id.)

Plaintiffs later withdrew their motion to remand, and, based on the parties' stipulation, filed a Second Amended Complaint against Barr, Jasco, and True Machine. (Withdrawal, Doc. 21; Stip., Doc. 22; SAC, Doc. 26.) Though the SAC continues to allege that all three Defendants were incorporated in California, Plaintiffs now allege that all Plaintiffs are "residents and citizens of the United States of Mexico." (SAC ¶ 1, 3, 5.)

For diversity jurisdiction to exist, all plaintiffs must have different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Once a district court joins a non-diverse defendant under § 1447(e), remand becomes mandatory. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004).

While Plaintiffs' SAC now alleges that each of the Plaintiffs is a resident and citizen of Mexico, Plaintiffs previously asserted that they are citizens of California. (*Compare* Mot. at 3 *to* SAC ¶ 1.) In addition, in its Notice of Removal, Barr asserted that diversity jurisdiction exists because Plaintiff Maria Guadalupe Diaz-Gomez is a citizen of California. (Notice of Removal ¶¶ 1, 8-9.)

The Court's exercise of diversity jurisdiction is strictly construed, *see Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)), and the Court is "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00305-JLS (RNBx)                                                    Date:  August 17, 2015
Title:  Maria Guadalupe Diaz-Gomez et al. v. W.M. Barr & Company, Inc.

F.2d 564, 566 (9th Cir. 1992).  Accordingly, Barr is ORDERED TO SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction in light of Plaintiffs' addition of Jasco Chemical and True Machine as named defendants.  *See* 28 U.S.C. § 1332 ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.")  Barr shall respond to this Order no later than **August 28, 2015**.  Failure to timely respond will result in immediate remand to Orange County Superior Court.  Plaintiffs may file a reply to this Order and/or Barr's response no later than **September 4, 2015.**

 Furthermore, on June 12, 2015, Defendant W.M. Barr & Company, Inc. filed a Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment.  (MSJ, Doc. 58.)  On July 31, 2015, Plaintiffs filed an Opposition to Defendant's Motion for Summary Judgment.  (Opp'n, Doc. 59.)  The Opposition, however, fails to comply with the formatting requirements of the Local Rules.

 Local Rule 11-6 provides that "[n]o memorandum of points and authorities . . . shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the judge."  C.D. Cal. R. 11-6.  The Court never granted Plaintiffs permission to exceed the page limit, yet the Opposition is 27 pages long excluding indices and exhibits.  This Court's Standing Order also requires that "all footnotes shall be in the same type size as text" in compliance with Local Rule 11-3.1.1, which requires a "proportionally spaced font . . . 14-point or larger."  (Standing Order at 7, Doc. 7.)  C.D. Cal. R. 11-3.1.1.  The entirety of the Opposition, however, is written in a font smaller than 14-point, and Plaintiff includes a footnote in a smaller type size than used in the body of the Opposition.  (*See*, *e.g.*, Opp'n at 11 n.1.)

 Accordingly, the Court STRIKES Plaintiff's Opposition for failure to comply with the Local Rules and this Court's Standing Order.  Plaintiffs shall have **7 days** from the date of this Order to file a revised opposition that complies with all Local Rules regarding page limits and formatting and this Court's Standing Order.  The revised opposition is not to add any matter or contain any substantive argument not contained in the Opposition.  Plaintiff shall make no substantive additions or changes to the Opposition except to delete material to bring the revised opposition within the required page limits.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-00305-JLS (RNBx)            Date: August 17, 2015

Title: Maria Guadalupe Diaz-Gomez et al. v. W.M. Barr & Company, Inc.

     Finally, on the Court's own motion, the hearing on Barr's Motion for Summary Judgment, set for August 21, 2015, at 2:30 p.m. is VACATED until the Court is convinced that subject matter jurisdiction exists in this matter.

                                                                         Initials of Preparer: tg